UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KELLY M. PATRICK,
LINZY PATRICK,

                            Plaintiffs,

                                                          DECISION AND ORDER

                    v.                                          13-CV-6365L

STEVE GARLICK,

                            Defendant.
_____


      Plaintiffs, employees of Seneca Lake State Park (the "Park"), owned and operated by the New York State Office of Parks, Recreation and Historic Preservation ("OPRHP"), an arm of the State of New York, bring this action against Steve Garlick ("Garlick"), who was the Park's Branch Manager and the plaintiffs' supervisor, alleging claims for sexual harassment, hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e et seq., and the New York Human Rights Law, N.Y. Exec. Law §§290 et seq.

      Garlick now moves for dismissal of the action pursuant to Fed. R. Civ. Proc. 12(b)(6), on the grounds that he was never the plaintiffs' employer for purposes of Title VII or the NYHRL. (Dkt. #3). Plaintiffs oppose that motion, and have in the alternative cross-moved to amend the complaint to add OPRHP as a defendant. (Dkt. #7). The State of New York has also appeared in this action for the purpose of opposing the plaintiffs' cross motion to amend.

As the parties are aware, plaintiffs' cross motion to amend requests application of the relation back principles of Fed. R. Civ. Proc. 15(c)(1)(C), which provides:

> An amendment to a pleading relates back to the date of the original pleading when:
> [. . .] (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1) (B) [requiring that the claim arise out of the same conduct, transaction or occurrence described in the original pleading] is satisfied and if, *within the [120 day] period provided by Rule 4(m)* for serving the summons and complaint, the party to be brought in by amendment:
> (I) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) *knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity*.

Fed. R. Civ. Proc. 15(c)(1)(C) (emphasis added).

As such, the timing and extent of OPRHP's knowledge of this action is a critical component of the Rule 15 analysis. On August 25, 2014, the Court heard oral argument on both motions by counsel for plaintiffs and defendant. Richard Benitez ("Benitez"), Assistant Attorney General for the State of New York, also appeared on behalf of proposed additional defendant OPRHP. Although the Court asked Mr. Benitez three times precisely when OPRHP in particular (and/or the State in general) became aware of the instant lawsuit, counsel did not, or could not, provide an answer. At the same time, counsel for Garlick related that he had contacted the State concerning the case immediately after Garlick received notice of the matter – contact which he believed had been memorialized in an e-mail or telephone call – and counsel for the State did not contradict the statements of plaintiffs' counsel that OPRHP had been timely notified of the pendency of the action via the communications that Garlick's counsel described.

On September 3, 2014, the Court received a letter from Mr. Benitez, attached hereto as Exh. A, supplementing his arguments in opposition to plaintiffs' motion to amend and emphasizing for the first time that OPRHP unequivocally *did not* have "notice of the original complaint in this case within 120 days of its filing on July 15, 2013." (Exh. A at 2-3).

2

Given this latest representation, it appears that the issue of when OPRHP (and/or the State) became aware of this action is disputed, and as such, the Court requires additional information in order to resolve that factual question, before it can proceed to determine the legal question of whether the relation back doctrine applies here.

Accordingly, to the extent that any of the parties possesses, or has access to, personal knowledge or evidence in admissible form that would shed light on the issue of when OPRHP (and/or the State) became aware of this action (including but not limited to telephone records, e-mails, or billing records [redacted to remove privileged information] reflecting communications between defendant's counsel and OPRHP and/or the State), the Court requests that it be submitted forthwith in the form of an affidavit, which provides any relevant testimony and attaches any relevant documentary proof.  (For purposes of ensuring the completeness of the record, if a party lacks any personal knowledge and/or evidence on the issue, the Court directs that party to file a very brief affidavit to that effect.)  Such affidavits and documents will be considered as supplements to the parties' prior filings supporting or opposing the plaintiffs' cross motion to amend, and are to be filed within 20 days of entry of this Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 8, 2014.