UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KELLY M. PATRICK,
LINZY PATRICK,

                              Plaintiffs,

                                                                DECISION AND ORDER

                                                                 13-CV-6365L

              v.

STEVE GARLICK,

                              Defendant.
_____

## INTRODUCTION

      Plaintiffs, employees of Seneca Lake State Park (the "Park"), bring this action against Steve Garlick ("Garlick"), who was the Park's Branch Manager and the plaintiffs' supervisor during the complained-of events. Plaintiffs allege that Garlick subjected them to sexual harassment, a hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e et seq. ("Title VII"), and the New York Human Rights Law, N.Y. Exec. Law §§290 et seq. ("NYHRL").

      Garlick now moves for dismissal of the action pursuant to Fed. R. Civ. Proc. 12(b)(6), on the grounds that he was never the plaintiffs' employer for purposes of Title VII or the NYHRL. (Dkt. #3). Plaintiffs oppose that motion, and in the alternative have cross-moved to amend the complaint to add the New York State Department of Parks and Historic Development ("Department

of Parks"), an agency of the State of New York and the owner-operator of the Park, as a defendant. (Dkt. #7). The State of New York has also appeared in this action for the purpose of opposing the plaintiffs' cross motion to amend. For the reasons set forth below, Garlick's motion to dismiss is granted in part and denied in part, and the plaintiffs' cross motion to amend is granted.

## FACTUAL BACKGROUND

On or about April 18, 2012, plaintiffs filed charges of sexual harassment and gender-based discrimination against the Department of Parks[1] and Garlick with the Equal Employment Opportunity Commission ("EEOC"). On or about April 17, 2013, the EEOC charges were dismissed on a finding of "no cause," and plaintiffs were issued a 90-day "right to sue" letter. (Dkt. #7-3, Exh. D).

On July 15, 2013, for reasons that plaintiffs' counsel appears unable to fully articulate, plaintiffs filed the instant suit and named Garlick as the lone defendant. (Dkt. #1). On November 5, 2013, plaintiffs filed an Amended Complaint, again naming only Garlick. (Dkt. #2). The instant motions followed.

## DISCUSSION

### I.     Plaintiffs' Motion to Amend

Plaintiffs have moved to amend their complaint for the purpose of adding the Department of Parks as a defendant. It is clear that, unless plaintiff's allegations against the Department of Parks are found to "relate back" to the original complaint, they are untimely because they fall outside the

---

[1] The Amended Complaint did not specify against whom the EEOC charges were filed. However, the parties agree that the respondents were the Department of Parks (variously listed as the State of New York) and Garlick, as "Park Manager" for Seneca Lake State Park.

90-day statute of limitations triggered by their EEOC "right to sue" letter, and that amendment would thus be futile. Plaintiffs concede that fact.

Plaintiffs have the burden to demonstrate that they have met the requirements of Fed. R. Civ. Proc. 15(c)(1)(C), which provides for "relation back" of amendments to a pleading. It provides:

> An amendment to a pleading relates back to the date of the original pleading when:
> [. . .] (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1) (B) [requiring that the claim arise out of the same conduct, transaction or occurrence described in the original pleading] is satisfied and if, *within the [120 day] period provided by Rule 4(m)* for serving the summons and complaint, the party to be brought in by amendment:
> (I) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) *knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity*.

Fed. R. Civ. Proc. 15(c)(1)(C) (emphasis added).

Initially, the parties agree that the plaintiffs' claims against the Department of Parks are identical to those asserted in the original complaint against Garlick alone, and thus arise out of the same "conduct, transaction or occurrence." I also find that, given the modest delay in notice to the Department of Parks, it would not be prejudiced in defending this action on the merits.

Application of the "mistake" factor in the relation back doctrine is guided by the Supreme Court's decision in *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485 (2010), which signaled a dramatic shift in the application of the doctrine in this Circuit. Prior to *Krupski*, governing Second Circuit precedent held that where a plaintiff knew the identity of the correct defendant and nonetheless failed to name them, it was generally deemed to be the case that plaintiff made a deliberate or strategic choice and not a "mistake concerning the proper party's identity" for purposes of Fed. R. Civ. Proc. 15(c)(1)(C)(ii). Therefore, the relation back rule did not apply.

*Krupski*, however, conclusively held that relation back should not be denied solely on the basis that a plaintiff already knew the correct identity of the defendant. In that case, the Supreme Court found that mistaken identity for Rule 15(c)(1)(C) purposes may include the situation where "a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the issue, and [he] may mistakenly choose to sue a different defendant based on that misimpression." *Id.*, 130 S. Ct. 2485 at 2494.

While the original and Amended Complaint both fail to name the Department of Parks as a defendant, it is nonetheless clear from the face of those pleadings that plaintiffs intended to assert their Title VII discrimination and retaliation claims against their employer. By naming Garlick, they clearly harbored a misunderstanding as to his status (incorrectly believing him to be their employer) and his potential liability for the complained-of actions. It therefore seems clear that, "the failure to name the prospective defendant in the original complaint was [not] the result of a fully informed decision as opposed to a mistake." *Krupski*, 560 U.S. 538 at 552. To the contrary, plaintiffs' description of Garlick as their employer for Title VII purposes could *only* have occurred as the result of "a misunderstanding about his status or role in the events giving rise to the claim at issue," given the fact that individuals are not employers under Title VII. *Krupski*, 560 U.S. 538 at 549. Moreover, the fact that plaintiffs are represented by experienced counsel does not undercut the fact that their naming of Garlick instead of the Department of Parks as the employer-defendant was an apparent mistake and not a deliberate choice. "Nothing in the case law or in the text of Rule 15(c) limits its applicability to unsophisticated plaintiffs, particularly in light of the Supreme Court's repeated statements in *Krupski* that it is a defendant's knowledge that is relevant for Rule 15(c)

4

analysis," *Gerloff v. Hostetter Schneider Realty*, 2014 U.S. Dist. LEXIS 37648 at *14-*15 (S.D.N.Y. 2014). While counsel's mistaken beliefs concerning Garlick's role and potential liability may have been wholly unmoored from governing legal precedent, the "reasonableness of the mistake is not itself at issue." *Krupski*, 560 U.S. 538 at 549.

I also find that, given its early involvement in the administrative proceedings, once the Department of Parks became aware of this action, it "knew or should have known" that the plaintiffs' failure to name it as a defendant had to be the result of a mistake concerning the identity of plaintiffs' employer. While the state contends that the fact that plaintiffs "dropped" the Department of Parks as a respondent/defendant in between its EEOC charge and the instant case gave the Department of Parks reason to conclude that its omission from this matter was intentional, I note that courts examining similar facts have relied upon the intended defendant's participation in agency proceedings to reach the opposite conclusion. In such circumstances, courts have reasoned that an intended defendant's involvement in prior agency proceedings furnishes it with the requisite notice that, but for a mistake, it would have been named in the subsequent federal complaint. *See e.g.*, *Kroontje v. CKE Restaurants, Inc.*, 2014 U.S Dist. LEXIS (D.S.D. 2014) (in discrimination action intended against employer, "[b]ecause of [the intended defendant's] extensive involvement in the EEOC investigation and its constant position that it was the employer of [plaintiff], [the intended defendant] knew or should have known that the action would have been brought against it, but for a mistake concerning its identity"); *Williams v. Hunt Refining Co.*, 2013 U.S. Dist. LEXIS 32977 at *6 (N.D. Ala. 2013) ("[the intended defendant] concedes that it employed plaintiff and that it was named as Respondent in plaintiff's EEOC charge… it must have known that it was the intended defendant and would have been named in plaintiff's Complaint but for some error or mistake. The

court rejects any inference that [the intended defendant] reasonably believed, under the circumstances, that plaintiff intentionally and deliberately named [another party] as the defendant, even thought it was not her employer and had not been named in the EEOC charge"); *Mazurkiewicz v. Clayton Homes, Inc.*, 971 F. Supp. 2d 682, 693-94 (S.D.Tex. 2013) ("[f]or claims that require an EEOC investigation prior to filing suit, a defendant's participation in the administrative process may constitute the requisite Rule 15(c)(1)(C) knowledge") .

Accordingly, I find that at the time it became aware of this action, the Department of Parks knew that it was plaintiffs' actual "employer," knew or should have known that plaintiffs' allegation that Garlick was their employer for Title VII purposes was the result of a mistake, and knew or should have known that it, and not Garlick, was the intended defendant-employer in this case.

Because I find that the Department of Parks would not be prejudiced in its ability to defend the instant case by the plaintiffs' failure to name it initially, and that the plaintiffs' failure to name the Department of Parks as defendant was clearly a mistake and that the Department of Parks would have recognized it as such, the only remaining question for Rule 15 purposes is whether the Department of Parks acquired the requisite knowledge within the time period specified by Rule 15(c) – that is, prior to the expiration of the 120-day period for service of the complaint pursuant to Fed. R. Civ. Proc. 4(m). Since the complaint was filed on July 15, 2013, the operative deadline is November 12, 2013.

On August 25, 2014, the Court heard oral argument on the instant motions, at which time counsel for both parties and the State of New York were unable to specify with any certainty precisely when the Department of Parks became aware of the instant lawsuit. The Court thereafter directed the parties to produce any evidence they possessed that might assist the Court in determining that issue. (Dkt. #13). In response, the Department of Parks submitted a sworn

declaration from Elaine H. Bartley ("Bartley"), one of its Senior Counsel, who advised that she is responsible for the oversight of Department of Parks litigation and accepts service on its behalf. (Dkt. #14). Bartley testified that she first learned of the instant case by way of an e-mail sent to her by Garlick's counsel, William R. Shaw, on December 6, 2013, and read by her on December 9, 2013. *Id*. Bartley avers that the e-mail constituted the first notice to her concerning the instant lawsuit, and the text of the e-mail, a copy of which Bartley attaches, supports that testimony, as Shaw was clearly writing to Bartley with the belief that his information about the lawsuit would be "news" to her, as well as to the Department of Parks. (Dkt. #14 at Exh. A, "I write about the newest chapter in this book. The Executive Summary is that [plaintiffs] have sued Steve Garlick personally in the WDNY. . . [I] attach[ a] copy of the pleadings and ask that you review so I can call and discuss. As you can imagine, I envision one of the parties bringing in your client, at some point, if the matter goes forward . . ."). On October 3, 2014, Shaw wrote to the Court and confirmed the timeline set forth by Bartley. (Dkt. #17, "I did send a communication with pleadings attached to Elaine Bartley on December 6, 2013. I did not or do not recall having any communications with her or anyone else employed at [the Department of Parks] o[r] Department of Law before that date about that Complaint").

The evidence thus suggests that the Department of Parks first learned of this action on or about December 6 or December 9, 2013, and the plaintiffs have advised the Court that they have no evidence that would undermine Bartley's and Shaw's accounts, or that could otherwise establish that the Department of Parks ever "received notice of [this] action" – formal or informal, constructive or direct – prior to the expiration of the 120-day Rule 4(m) period on November 12, 2013. Fed. R. Civ. Proc. 15(c)(1)(C).

The Court's inquiry does not end here, however. The Advisory Committee Notes to Rule 15(c)(1)(C) suggest that an extension of the 120-day period under Rule 4(m) also extends the time for relation back under Rule 15, and courts have, in some cases, determined that circumstances warranted a retroactive extension of the Rule 4(m) period, for the purpose of permitting relation back of claims under Rule 15(c)(1)(C). *See* Fed. R. Civ. Proc. 15, Advisory Committee Note (1991 amendment) ("[i]n allowing a name-correcting amendment within the time allowed by Rule 4(m), [Rule 15(c)(1)(C)] allows not only the 120 days specified in that rule, but also any additional time resulting from any extension ordered by the court pursuant to [Rule 4(m)]…"); *Gipson v. Wells Fargo Corp.*, 382 F. Supp. 2d 116, 123 (D.D.C. 2005) (extending time period under Fed. R. Civ. Proc. 15(c)(1)(C), on a finding of good cause to extend the time for service under Fed. R. Civ. Proc. 4(m)).

Admittedly, "[c]ourts…are divided on when the good cause extension of Rule 4(m) applies to a Rule 15(c) analysis," and some courts examining the issue have opted to apply the 120-day Rule 4(m) period strictly and declined to engage in any "good cause" analysis. *Miller v. City of Philadelphia*, 2014 U.S. Dist. LEXIS 88447 at *13 (E.D. Pa. 2014) (collecting cases). *See also Anderson v. Doe*, 2012 U.S. Dist. LEXIS 181035 at *13 (E.D. Pa. 2012) (collecting cases). While recognizing the conflicting authorities, I adopt the view that an extension is appropriate since it would foster the well-settled preference in the Second Circuit for deciding cases on their merits. *See e.g.*, *Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 343 (2d Cir. 2006) ("[t]he fundamental command of the Federal Rules of Civil Procedure is never to exalt form over substance"); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (emphasizing the "jurisprudential preference for adjudication of cases on their merits rather than on the basis of formalities"). I find

that a modest extension of the 120-day period specified by Rule 4(m) (and thus, the time period specified by Rule 15(c)(1)(C)) is appropriate here.

First, I find that plaintiffs have shown good cause for such an extension. Plaintiffs have been diligent in prosecuting this action, and in response to the instant motion to dismiss, immediately cross moved to amend the complaint to add the Department of Parks. Furthermore, the Department of Parks was on prior notice of the nature of plaintiffs' claims due to its involvement in the EEOC proceedings, and it learned of this action no more than 27 days after the 120-day Rule 4(m) period had expired.[2] An extension of the Rule 4(m) period by less than one month will not substantially prejudice the Department's ability to defend against the instant claims.

Furthermore, "procedural reforms were implemented to eliminate technicalities that prevent the substantive resolution of disputes, and consequently, the Federal Rules of Civil Procedure favor the disposition of genuine disputes on the merits." *Gipson*, 382 F. Supp. 2d 116 at 123. *See also Wilke v. Bob's Route 53 Shell Station*, 36 F. Supp. 2d 1068, 1072-73 (N.D. Ill. 1999) ("[t]he granting of an amendment that relates back under [Rule 15(c)(1)(C)] constitutes good cause for extending the time for service under Rule 4(m)…[b]ecause we extend the time provided for service under [R]ule 4(m), we find that the requirements of [Rule 15(c)(1)(C)] are satisfied within the appropriate time frame…"). *See generally Bain v. Wal-Mart Inc.*, 2007 U.S. Dist. LEXIS 25554 (W.D.N.Y. 2007).

In light of these considerations, I find that there is good cause for granting plaintiffs a brief, retroactive extension of the Rule 4(m) period through December 9, 2013, and that this extension likewise extends the time in which relation back may be permitted under Fed. R. Civ. Proc.

---

2 Brantley testified that Shaw e-mailed her on December 6, 2013 with notice of the case, but that she did not read the e-mail until December 9, 2013. For purposes of the instant motions, the Court will assume that the Department of Parks' received actual "notice" of the matter for purposes of Rule 15(c)(1)(C) on December 9, 2013.

9

15(c)(1)(C).  As such, I find that the Department of Parks knew, within the extended Rule 4(m) period, of the pendency of this action, and that it would have been named as a defendant herein, but for some mistake.

Leave to amend a complaint is to be granted freely, and to the extent that plaintiffs' counsel erred in failing to name the Department of Parks as a defendant in its initial and Amended Complaint[s], "[w]e will not visit the sins of . . . counsel on the plaintiff[s], especially where the defendant has not [proved] any prejudice resulting from the delay[] . . ." *Wilke*, 36 F. Supp. 2d 1068 at 1073.  I find that the plaintiffs have met their burden to demonstrate entitlement to the relation back provisions of Fed. R. Civ. Proc. 15.  Accordingly, plaintiffs' motion to amend the complaint to add the Department of Parks as a defendant is granted, and the Second Amended Complaint is deemed timely.

## II.     Garlick's Motion to Dismiss

Garlick moves to dismiss the Amended Complaint, on the grounds that he is not the plaintiffs' employer, and therefore cannot be held liable for plaintiffs' employment discrimination and retaliation claims pursuant to Title VII and the NYHRL.  Because Garlick's arguments apply with largely equal force to the allegations of the Second Amended Complaint, the Court will weigh them against that pleading.

Initially, the Court agrees with Garlick that he is entitled to the dismissal of plaintiffs' Title VII claims against him.  It is well settled that individuals are not amenable to suit under Title VII. *See e.g.*, *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000); *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir. 1995).

The plaintiffs' state law claims are another matter, however. In contrast to discrimination claims under federal law, a supervisor may be an "employer" for purposes of establishing liability under the NYSHRL if that supervisor actually participates in the discriminatory conduct. *See Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 107 n.10 (2d Cir. 2011) ("[w]e have observed that claims brought under New York State's Human Rights Law are analytically identical to claims brought under Title VII . . . One notable exception to this rule is that, while an individual defendant with supervisory control may not be held personally liable under Title VII, an individual defendant may be held liable under the aiding and abetting provision of the NYSHRL if he actually participates in the conduct giving rise to a discrimination claim") (internal quotations and citations omitted). *See also Pellegrini v. Sovereign Hotels, Inc.*, 740 F. Supp. 2d 344, 356 (N.D.N.Y. 2010) (noting that an employee who aids and abets the employer in discrimination, including by perpetrating it, can be held individually liable under the NYHRL, and collecting cases); *Tully-Boone v. North Shore-Long Island Jewish Hosp. Sys.*, 588 F.Supp.2d 419, 426-427 (E.D.N.Y. 2008) ("[t]he Court is mindful that the *Tomka* interpretation of § 296(6) is not without controversy. Nevertheless, until the Second Circuit revisits the issue, *Tomka* is the law in this circuit. Accordingly, [a supervisor] may be held liable for aiding and abetting allegedly unlawful discrimination by her employer even where her actions serve as the predicate for the employer's vicarious liability.") (citations and internal quotation marks omitted).

With the addition of the Department of Parks as a defendant, plaintiffs have plausibly alleged that their employer engaged (or knowingly permitted one of its supervisors, Garlick, to engage) in discrimination and retaliation against the plaintiffs, and that Garlick, the Branch Manager for the Park at which plaintiffs worked and their "boss" for all intents and purposes (Dkt. #7-2, Exh. A at ¶13), actively aided and abetted in that activity, as the plaintiffs' sole harasser. Thus, accepting

plaintiffs' allegations as true, as I must on a motion to dismiss, I find that plaintiffs have stated claims of discrimination and retaliation against Garlick under the NYHRL, and decline to dismiss those claims at this juncture.

## CONCLUSION

For the foregoing reasons, plaintiffs are entitled to have their Second Amended Complaint, adding the New York State Department of Parks, Recreation and Historic Preservation as a defendant, "relate back" to the original complaint pursuant to Fed. R. Civ. Proc. 15(c)(1)(C). Plaintiffs' cross motion to amend (Dkt. #7) is granted, and the Second Amended Complaint (Dkt. #7-2, Exh. A) is now the operative pleading in this action. Garlick's motion to dismiss (Dkt. #3) is granted in part and denied in part. Plaintiffs' Title VII discrimination and retaliation claims against Garlick are dismissed in their entirety, with prejudice, and Garlick's request to dismiss plaintiffs' NYHRL claims against him is denied, without prejudice. The New York State Office of Parks, Recreation and Historic Preservation is directed to appear, and both defendants are directed to answer the Second Amended Complaint, within thirty (30) days of entry of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 4, 2014.